IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT COURT
NASHVILLE DIVISION

CHARLES E. COOK,                )
                                )
        Plaintiff,               )        Case No. 3:13-0662
                                )        Chief Judge Haynes
v.                               )
                                )
HON. JOHN M. McHUGH, Secretary,  )
Department of the Army,          )
                                )
        Defendant.               )

**MEMORANDUM**

Plaintiff, Charles E. Cook, filed this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq., against the Defendant Honorable John M. McHugh, Secretary, Department of the Army. Plaintiff asserts four claims of discrimination based upon his race, color, age, and/or gender for Defendant's denial of promotions, training, or job assignments afforded to younger Hispanic and African American females. Plaintiff also alleges retaliation. (Docket Entry No. 1).

Before the Court is the Defendant's motion to dismiss (Docket Entry No. 21), contending that this action is untimely because Plaintiff filed this action on July 3, 2013 that is more that 90 days after notice of the Army's February 1, 2013 Final Agency Decision on Plaintiff's September 22, 2011 administrative complaint. In response, Plaintiff contends that this action is timely and is based upon Army's second Final Agency Decision on his September 14, 2011 administrative complaint.

## A. Analyses of the Motion

Plaintiff, Charles Cook, has been a training instruction and flight simulator at the United States Army's Fort Campbell, Tennessee facility for twenty (20) years. (Docket Entry No. 1, Complaint). Plaintiff also serves as an equal employment opportunity counselor. Id. In essence, Plaintiff alleges that he applied for promotions, but the Secretary's agent selected less qualified persons. For the alleged second discriminatory promotion, Plaintiff cites his application for the EEO Specialist position in March, 2009. Id. at ¶¶ 10 and 11. Plaintiff next alleges that in September 2010, the Army had eleven vacancies for EEO Specialist position. Id. at 12. Plaintiff was among the eligible candidates, but for these vacancies, the Army selected younger Hispanic and African American females whom Plaintiff alleges to be lesser qualified than he. Id. at ¶ 13. Finally, Plaintiff alleges that he has been subject to retaliation for his charges of discrimination and such retaliation was denial of job assignments that would have enhanced his qualification for the promotion. Id. at ¶ 14.

On August 1, 2012, the Army issued its decision on Plaintiff's EEO complaint about the discriminatory denial of promotions, job training and assignments[1] (Docket Entry No. 18-2) and on February 1, 2013, the Army issued its FAD (Docket Entry No. 18-4). Plaintiff signed the receipt of this FAD on February 8, 2013. (Docket Entry No. 18-5). This action was filed on July 3, 2013. (Docket Entry No. 1, Complaint at 1).

---

[1] The Government asserts that Plaintiff filed two administrative EEO complaints dated September 14, 2011 and September 22, 2013 for which there were two Final Agency Decisions ("FADs"). From the parties' citations to the record, the Court is unable to identify the second administrative complaint or the related FAD, but assumes their undisputed existence based upon the parties' motion papers.

2

The Army's February 1, 2013 FAD notified Plaintiff that he had 90 days from receipt of the Army's notice of its FAD to file a complaint in federal court or appeal the decision to the Equal Employment Opportunity Commission ("EEOC"), Office of Federal Operations ("OFO"). (Docket Entry No. 22-1). As to legal action, the Army's notice reads as follows:

> a. <u>Deadline to File Suit</u>. In lieu of an appeal to the Commission, you may file a lawsuit in the appropriate United States District Court.
>
> You are authorized under Title VII, the Age Discrimination in Employment Act (ADEA) and the Rehabilitation Act to file a civil action in an appropriate United States District Court:
>
> (1) Within ninety (90) days of receipt of the Final Agency Decision on an individual or class complaint if no appeal to the Commission has been filed;
>
> (2) Within ninety (90) days of receipt of the Commission's final decision on appeal; or,
>
> (3) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.
>
> You must file the lawsuit **WITHIN NINETY (90) CALENDAR DAYS** of the date of receipt of this Final Agency Decision, unless you have appealed your case to the Commission. (Exhibit 1, pp. 11-12).

(Docket Entry No. 18-4 at 11) (emphasis in the original). Plaintiff did not appeal the FAD, but filed this action on July 3, 2013.

### B. Conclusions of Law

A federal employee who asserts a claim of discrimination in violation of Title VII may not seek relief in federal court unless the employee files a timely charge and exhausts any administrative remedies. <u>Brown v. Gen. Servs. Admin.</u>, 425 U.S. 820, 832 (1976). In <u>Brown</u>, the Supreme Court upheld a dismissal of the federal employee's Title VII action that was not brought

within the thirty days of final agency action as required by § 717(c) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(d). Id. at 845 In United Airlines v. Evans, 431 U.S. 553, 558 (1977), the Supreme Court has ruled that "[a] discriminatory act which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was passed . . . , separately considered, it is merely an unfortunate event in history which has no present legal consequences."

Defendant contends this action is untimely because Plaintiff did not file this action within 90 days of receipt of the Army's FAD on February 6 or 8, 2013. *See* Docket Entry No. 17 at 6-7.. In response, Plaintiff asserts that his complaint is based upon the claims in his second administrative complaint and that this action was filed timely with 90 days after receipt of the Army's second FAD. (Docket Entry No. 21 at 3). The Army's second FAD was purportedly issued on April 8, 2013 and this action was filed on July 3, 2013.

Here, Plaintiff's principal factual allegations about his non-selection for the EEO Specialist position were decided by the Army's first FAD dated February 1, 2013 that Plaintiff received on February 8, 2013. conduct. The FAD provided express notice to Plaintiff that a judicial complaint about the Army's first FAD had to be filed 90 days from Plaintiff's recipt of the FAD. Ninety days from that date is May 10, 2013. This action that was filed on July 3, 2013 is beyond the 90 day limitation period The only potential claim in this action Plaintiff's claims about retaliatory acts against him (Docket Entry No. 1, Complaint at 4) that was the Army's purported second FAD. The Government's motion does not challenge tthe retaliation claim.

Plaintiff also cites the relation back doctrine to render his non-selection claims timely. Federal Rule of Civil Procedure 15(c)(1)B) provides that the amendment relates back to the

4

original pleading, if the amended claims arise fom or relate to the same transaction or occurrence as described in the original pleading. Fed. R. Civ. P. 15(c)(1)(B). The Supreme Court requires the original and amended pleadings to be "tied to a common core of operative facts." Mayle v. Felix, 545 U.S. 644, 664 (2005). Here, Plaintiff's factual claims that were the subject of the February 1, 2013 FAD does not involve the same core facts as his claims in his purported second administrative complaint about retaliatory conduct.

For these reasons, Defendant's motion to dismiss should be granted in part to dismiss Plaintiff's claims of discriminatory promotions, training and job assignment, but should be denied as to Plaintiff's claims of retaliation.

An appropriate Order is filed herewith.

Entered this the 26th day of February, 2014.

_____
William J. Haynes, Jr.
Chief United States District Judge